The PEOPLE of the State of Colorado, Complainant,

v.

James B. BRACKETT, Jr., Attorney-Respondent.

No. 83SA122.

Supreme Court of Colorado, En Banc.

May 2, 1983.

George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

John Delos Zimmermann, Denver, for attorney-respondent.

QUINN, Justice.

In this disciplinary proceeding the respondent attorney, James B. Brackett, Jr., and the deputy disciplinary prosecutor, pursuant to C.R.C.P. 241.18(a), executed a conditional admission of professional misconduct in exchange for a stipulated suspension from the practice of law for a period of one year and one day, with reinstatement to be authorized only upon full compliance with the order of suspension and with the provisions of C.R.C.P. 241.22(b). The grievance committee approved the stipulation and recommended that the respondent be suspended for one year and one day. We now approve the stipulation, accept the recommendation of the grievance committee, and order the respondent suspended from the practice of law.

The respondent was admitted to the bar of this state on October 6, 1975. On or about August 16, 1978, he borrowed $15,000 from Barclay Curtis and Suzanne Gaeta, both of whom he had represented in various legal matters over a period of several years. The money was to be used for investment in a home-building project in Winter Park, Colorado. The respondent executed two promissory notes due and payable on November 16, 1978, one to Curtis for $10,000 and the other to Gaeta for $5,000, and deposited the $15,000 in a construction fund account upon which he alone was authorized to draw. The promissory notes were to be secured by second deeds of trust on the Winter Park property. Although the respondent represented to Curtis and Gaeta that he would prepare and record the deeds of trust on their behalf, he failed to do so.

Both notes went into default and Curtis and Gaeta sued the respondent in the Denver District Court in 1979. The action was compromised in January 1980 by a stipulated court order whereby the respondent agreed to pay Curtis and Gaeta the sum of $25,000 no later than March 1, 1980. The respondent, however, was unable to comply with the terms of the settlement and order and filed for bankruptcy in Las Vegas, Nevada, sometime during 1980.

The respondent admitted that his conduct in borrowing money from his former clients and in failing to record deeds of trust on their behalf constituted professional misconduct in the following respects: conduct violative of the highest standards of honesty and morality [C.R.C.P. 241.6(3)]; conduct involving fraud, deceit, or misrepresentation [DR1–102(A)(4)]; entering into a business transaction with a client under circumstances where the lawyer and client have differing interests likely to affect the professional judgment of the lawyer [DR5–104(A)]; and conduct that prejudices or

damages a client during the course of the lawyer-client relationship [DR7–101(A)(3) ]. We agree that this conduct violates the Code of Professional Responsibility, and we express our strong disapproval of it.

We note that the respondent and the deputy disciplinary prosecutor have stipulated to the following matters: that the respondent's failure to comply with the settlement of January 1980 was due to his inability to raise money; that when the settlement agreement was reached, Curtis and Gaeta not only recognized the respondent's right to seek protection under the bankruptcy laws but also were aware that he might indeed file a petition in bankruptcy; and that the respondent's failure to advise this court and the grievance committee of his current address during the pendency of these proceedings, while somewhat obstructive of the proceedings, was inadvertent and not deliberate. Notwithstanding these stipulations, the respondent's conduct in connection with the $15,000 obtained from Curtis and Gaeta and his misrepresentation concerning the recording of a second deed of trust on their behalf constitutes substantial and independent grounds for the sanction of suspension.

The respondent is hereby suspended from the practice of law for the period of one year and one day. It is ordered that the respondent make every good faith effort to make full restitution of the moneys which he obtained from Curtis and Gaeta. Any petition for reinstatement must fully satisfy the terms and conditions of C.R.C.P. 241.22(b) and (c). The respondent also is assessed the costs of these proceedings in the amount of $160.73, which are to be paid in full to the Supreme Court Grievance Committee, 190 East Ninth Avenue, Suite 440, Denver, Colorado, 80203, within 60 days of this date.